| | | |
|---|---|---|
| In re: | ) | Case No. 10-82436 |
| | ) | |
| PROFESSIONAL VETERINARY | ) | |
| PRODUCTS, LTD, A NEBRASKA | ) | Chapter 11 |
| CORPORATION, | ) | |
| | ) | |
| Debtor, | ) | |
| | ) | |
| In re: | ) | Case No. 10-82437 |
| | ) | |
| EXACT LOGISTICS, LLC, | ) | |
| | ) | CHAPTER 11 |
| Debtor, | ) | |
| | ) | |
| | ) | |
| In re: | ) | Case No. 10-82438 |
| | ) | |
| PROCONN, LLC, | ) | |
| | ) | CHAPTER 11 |
| Debtor, | ) | |
| | ) | |

**MOTION UNDER SECTIONS 105(a), 363 AND 365 OF THE
BANKRUPTCY CODE TO (i) APPROVE AUCTION AND BID PROCEDURES,
(ii) APPROVE THE SALE OF CERTAIN OF THE DEBTORS' ASSETS,
OUTSIDE THE ORDINARY COURSE OF BUSINESS FREE AND CLEAR OF LIENS AND
INTERESTS, AND (iii) SET A DATE FOR A SALE HEARING**

Professional Veterinary Products, LTD, et al., debtors and debtors in possession (collectively, the "Debtors"), by and through their undersigned counsel, hereby respectfully submit this motion (the "Motion") for an order pursuant to Sections 105(a), 363 and 365 of the Bankruptcy Code and Rules 2002, 6004 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (i) approving certain Auction and Bid Procedures (the "Auction and Bid Procedures") (a copy of which is attached hereto as **Exhibit A**), (ii) approving, subject to the Auction and Bid Procedures, the sale of certain of the Debtors' assets free and clear of all liens, claims and interests; and (iii) setting a date for a sale

hearing. Subject to the results of the Auction and Bid Procedures, the sale of the assets would be pursuant to an asset purchase agreement ("Asset Purchase Agreement"), to be agreed upon by and among the Debtors and the highest bidder at auction (the "Buyer").

In support of this Motion, Debtors provide the following:

## BACKGROUND

1.     On August 20, 2010 (the "Petition Date"), the Debtors filed with this Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession in accordance with Sections 1107 and 1108 of the Bankruptcy Code.

2.     No trustee or examiner has been appointed. No creditor committee has been appointed in these proceedings.

3.     Debtor PVP, a Nebraska corporation headquartered in Omaha, Nebraska, is organized and operated as a wholesale distributor of animal-health products to veterinarians and their related businesses (the "Business"). PVP operates the Business in conjunction with the other debtor subsidiaries.

## PROPOSED SALE OF ASSETS

### *Factors Leading to Sale and Need for an Immediate Sale*

4.     After evaluating various strategic alternatives with their advisors the Debtors have concluded that the best mechanism for maximizing the value of the Debtors' assets for the benefit of these bankruptcy estates is through the sale of certain of its assets pursuant to 11 U.S.C. § 363.

5.     The Debtors believe that it is in the estates' best interest to sell substantially all of the Debtors' inventory and other assets to a Buyer or Buyers pursuant to the bid procedures

("Auction and Bid Procedures") attached to this Motion. The sale will provide the best economic opportunity: (a) to realize the value of the assets, and (b) to afford employment opportunities for Debtors' existing employees and continued commerce with many of the Debtors' vendors.

*__Assets to be Sold__*

6.      The Debtors propose to offer the following assets for sale (the "Sale Assets"):

     a.      All property, plant, equipment, and fixed assets;

     b.      All accounts receivable and inventory;

     c.      Certain contract rights;

     d.      Other assets, including the Debtors' names, trademarks, customer lists, and intellectual property; and

     e.      The lease designation rights on real property and buildings.

## JURISDICTION

7.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this district is proper pursuant to 28 U.S.C. §§1408 and 1409. The statutory predicates for the relief sought herein are Sections 105(a), 363 and 365 of the Bankruptcy Code and Rules 2002, 6004 and 9006 of the Federal Rules of Bankruptcy Procedure.

## RELIEF REQUESTED

8.      The Auction and Bid Procedures insure that Debtors will maximize the value of the Sale Assets to the Debtors' estates, and thus this Court should approve the Auction and Bid Procedures on an expedited basis.

9.      After the approval by the Court of the Auction and Bid Procedures, Debtors will send notice to all potential buyers of the Sale Assets known to Debtors. Bids will be due on September 7,

2010, and an Auction will be held on September 9, 2010.

10.     At a second hearing to be held on September 10, 2010, the Court should approve the Sale of the Sale Assets to the Buyer.

11.     Time is of the essence in approving and closing the Sale, and any unnecessary delay in closing the Sale could result in the collapse of the value of the Sale Assets. Accordingly, this Court should also waive the ten-day period staying any order to sell property of the estate imposed by Bankruptcy Rule 6004(g) and 6006(d).

## APPLICABLE AUTHORITY TO APPROVE SALE

12.     Bankruptcy Code Section 363(b)(1) provides that the "trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." The decision to enter into an agreement out of the ordinary course of a debtor's business is to be based on the reasonable business judgment of the debtor. In re Continental Air Lines, Inc., 780 F.2d 1223, 1226 (5th Cir. 1986); In re Lionel Corp., 722 F.2d 1063, 1070 (2d Cir. 1983). The court should approve a use, sale or lease of property under Bankruptcy Code § 363(b) if the debtor has established some articulated business justification for the proposed transaction. In re Walter, 83 B.R. 14, 16 (9th Cir. BAP 1988); In re Wilde Horse Enterprises, Inc., 136 B.R. 830 (Bankr. C.D. Cal. 1991).

13.     Moreover, pursuant to Section 363(f) of the Bankruptcy Code, a debtor in possession may sell all or any part of its property free and clear of any and all liens, claims or interests in such property if (i) such a sale is permitted under applicable non-bankruptcy law; (ii) the party asserting such a lien, claim or interest consents to such sale; (iii) the interest is a lien and the purchase price for the property is greater than the aggregate amount of all liens on the property; (iv) the interest is the subject of a bona fide dispute; or (v) the party asserting the lien, claim or

interest could be compelled, in a legal or equitable proceeding, to accept money satisfaction for such interest. See 11 U.S.C. § 363(f); In re Elliot, 94 B.R. 343, 345 (E.D. Pa. 1988) (section 363(f) written in disjunctive; court may approve sale "free and clear" provided at least one of the subsections is met).

14.    The Debtors' decision to sell the Sale Assets is based upon the reasonable exercise of the Debtors' sound business judgment. The Debtors have undertaken extensive efforts to reorganize their operations outside of bankruptcy, though these efforts ultimately proved unsuccessful. The Debtors, after analyzing various means of reorganizing and liquidating their assets, and after having consulted with Debtors' secured lenders and professional consultants, have determined, in their business judgment, that the sale of the Sale Assets will maximize the value of those assets to the estate and will be in the best interests of the creditors. The Debtors submit that the sale process will result in competitive bidding and an acceptable purchase price for the Sale Assets. Based upon these facts, the Debtors respectfully submit that the decision to sell the Sale Assets resulted from the reasonable exercise of the Debtors' business judgment.

15.    Approving the sale of the Sale Assets free and clear of all liens, encumbrances, claims and interests is warranted because: (i) the Sale Assets sought to be sold are subject only to the lien of Wells Fargo Bank, N.A. ("Wells Fargo"), and Wells Fargo has approved this transaction; and (ii) any other holders of liens, claims or interests in the Sale Assets could be compelled to accept a money judgment for their interest in the Sale Assets. See 11 U.S.C. § 363(f). As a result, approval of the sale free and clear of all liens, encumbrances, claims and interests is in the best interests of the estates and creditors.

16.    The liens and security interests of any creditor holding a lien on the Sale Assets sold

shall either be satisfied at closing or attach to the proceeds in the same extent, validity and priority as existed in and to the Sale Assets.

17.     Applying section 363, courts accord debtors substantial deference in formulating procedures for selling Sale Assets. See, e.g., In re Integrated Resources, Inc., 147 B.R. 650, 656-57 (Bankr. S.D.N.Y. 1992) (applying the deferential "business judgment" standard, under which such procedures and arrangements are "presumptively valid"), *appeal dismissed* 3 F.3d 49 (2d Cir. 1993); In re 995 Fifth Ave. Assocs., L.P., 96 B.R. 24, 28 (Bankr. S.D.N.Y. 1989) (same). Indeed, courts recognize that procedures intended to enhance competitive bidding are consistent with the goal of maximizing the value received by the estate and are appropriate in the context of bankruptcy sales. See, e.g., Integrated Resources, 147 B.R. at 659 (such procedures should "encourage bidding and [] maximize the value of the debtor's assets"); In re Fin. News Network, Inc., 126 B.R. 152, 156 (S.D.N.Y.) ("court- imposed rules for the disposition of assets . . . [should] provide an adequate basis for comparison of offers, and provide for a fair and efficient resolution of bankrupt estates"), *appeal dismissed*, 931 F.2d 217 (2d Cir. 1991).

18.     Here, the proposed Auction and Bid Procedures are supported by ample "business justification" and are reasonable and appropriate under the circumstances of these cases. By quickly selling certain of their assets in an orderly manner, the Debtors hope to maximize the value of the Sale Assets for the benefit of creditors and minimize the costs of the bankruptcy process. The Auction and Bid Procedures are designed to foster an open, competitive and fair sale process.

19.     This Motion is being filed under exigent circumstances. Therefore, Debtors respectfully request that the hearing for approval of the Auction and Bid Procedures be set on August 25, 2010, or as soon thereafter as the Court's schedule permits, and a final hearing be set on September 10, 2010, to approve and confirm the sale subject to the terms of the Auction and

Bid Procedures.

## CONCLUSION

Based upon the authorities and facts detailed above, the Debtors submit that the Court should approve the Auction and Bid Procedures and, at a second hearing to be held on September 10, 2010, subject to the terms of the Auction and Bid Procedures, authorize the Debtors to sell the Sale Assets free and clear of all liens, encumbrances, claims and interests to a Buyer or Buyers. Such relief is warranted because the Debtors have shown that the sale of the Sale Assets is in the best interests of the Debtors, their estates and creditors, and because the decision to sell the Sale Assets was reached in the exercise of the Debtors' sound business judgment, after careful deliberation of its consequences and possible alternatives.

WHEREFORE, the Debtors respectfully request that the Court enter an Order: (a) approving the Auction and Bid Procedures, and (b) setting a hearing on September 10, 2010 (i) to authorize the sale of the Sale Assets free and clear of all liens, encumbrances, claims and interests and (ii) to find that the sale shall be effective immediately notwithstanding the stay provision of Federal Rules of Bankruptcy 6004(g) and 6006(d); and (c) to provide such other relief as is just and proper.

Dated: August 20, 2010

**PROFESSIONAL VETERINARY
PRODUCTS, LTD., ET AL.,**

By:  /s/ Robert J. Bothe
       Robert J. Bothe, 15018
       James J. Niemeier, 18838
       Robert P. Diederich, 23393
       McGRATH NORTH MULLIN & KRATZ, PC LLO
       Suite 3700 First National Center
       1601 Dodge Street
       Omaha, NE 68127
       Telephone: (402) 341-3070
       Facsimile:(402) 341-0216
       ***Attorneys for Debtors and Debtors in Possession***

## CERTIFICATE OF SERVICE

I hereby certify that on August 20th, 2010, I caused filing of the foregoing with the Clerk of the Bankruptcy Court using the CM/ECF system, and further certify that on the same date I mailed by United States mail, first-class postage prepaid, this document to each of the parties appearing on the mailing matrix filed with this Court, and mailed by Federal Express Overnight delivery to the parties listed below:

Wells Fargo, National Association
C/O Christopher J. Fisher
Laurence M. Frazen
Trevor A. Jenkins
Bryan Cave LLP
1200 Main Street, Suite 3500
Kansas City, MO 64105

Nebraska Department of Revenue
Attn: Bankruptcy Unit
301 Centennial Mall South
Lincoln, NE 68509-4818

Internal Revenue Service
Fresno, CA 93888-0002

United States Trustee's Office
111 South 18th Plaza
Suite 1148
Omaha, NE 68102

Agri Laboratories Ltd
20927 State Route K
St Joseph, MO 64505-3570

Bayer Healthcare LLC
12809 Shawnee Mission Pkwy
Shawnee KS 66216-1846

Bimeda Animal Health Inc
Attn: Marianne Anderson
One Tower Lane Suite 2250
Oakbrook Terrace, IL 60181

Boehringer Ingelheim
Vetmedica
2621 N Belt Highway
St. Joseph, MO 64506-2002

Idexx Distribution Corporation
One IDEXX Drive
Westbrook, ME 04092

Intervet, Inc. / Schering Plough
556 Morris Ave
Summit, NJ 07901-1330

Jorgensen Laboratories Inc
Attn: Cindy Alexander
1450 N Van Buren Ave
Loveland, CO 80538

Kendall/Covidien
15 Hampshire St
Mansfield, MA 02048

Central Life Sciences / Vet Product
Laboratories
1501 E. Woodfield Rd Suite 200W
Schaumburg, IL 60173

Lionel Reilly
20620 Corral Road
Elkhorn, NE 68022

Merial Limited
115 Trans Tech Drive
Athens, GA 30601


Norbrook Labs
9733 Loiret Blvd
Lenexa, KS 66219

Nutra-Blend LLC
3200 2nd Street
Neosho, MO 64850-7738

Ceva Animal Health, Inc.
465 Sovereign Ct.
St. Louis, MO 63011

Virbac Corp
3200 Meacham Boulevard
Fort Worth, TX 76137-4611

Neogen Corporation
Attn: Greg Hardin
25154 Network Place
Chicago, IL 60673

Novartis Animal Health US Inc
10401 Highway 6
Lincoln, NE 68517

Pfizer, Inc.
812 Springdale Drive
Exton, PA 19341

Top Rx Inc
2950 Brother Boulevard
Memphis, TN 38133-3968

West-Ward Pharmaceutical Corp
3030 Lyndon B Johnson Freeway
Dallas, TX 75234-7781


  /s/ *Robert J. Bothe*        
Robert J. Bothe