# E X H I B I T   A

## Auction and Bid Procedures

Assets to be Sold. Professional Veterinary Products, Ltd., Exact Logistics, LLC, and ProConn, LLC (collectively, "Seller") shall conduct an auction of the following assets (the "Transferred Assets"), pursuant to Section 363 of the Bankruptcy Code, subject to the terms and conditions contained herein:

1. All property, plant, equipment, and fixed assets;
2. Accounts receivable and inventory;
3. Certain contract rights;
4. Other assets, including the Company name, trademarks, customer lists, and intellectual property;
5. Lease designation rights on real property and buildings.

Due Diligence. Upon execution of a Non-Disclosure Agreement, interested parties may obtain substantive due diligence material from the Seller via an Electronic Data Room. All other due diligence material will be available to such parties at the Seller's facility in Omaha, Nebraska. Review of onsite due diligence material must be completed by September 3, 2010.

Submission of Bids. Any person that would like to purchase the Transferred Assets must submit a bid (a "Bid") prior to 5:00 p.m. on September 7, 2010 (the "Bid Deadline"). Each Bid must: (i) be in writing; (ii) specify the price offered (the "Bid Price"), the property that is being bid upon, and the contracts and leases as to which the Bidder seeks contract or lease designation rights, and an allocation of the Bid Price to the specific items of property being bid upon; (iii) identify the bidder and the members of its investor group, as applicable; (iv) provide information to demonstrate the financial wherewithal of the bidder to consummate the proposed transaction; (v) include a statement that the Bidder is prepared to enter into a legally binding purchase agreement, that the Bidder's offer is irrevocable until the closing of the sale of the Sale Assets, as approved by the Bankruptcy Court, and that such bid is unconditional and not subject to any due diligence, financing contingency, or court approval of any bid protections (unless the bid is designated as the Stalking Horse Bid, as provided below); (vi) be accompanied by a deposit equal to the Deposit requirement set forth herein; and (vii) be accompanied by a duly executed copy of a proposed purchase agreement for the Sale Assets as to which the Bidder's Bid is submitted. Any such proposed purchase agreement must provide that the Bidder will close on the sale within three business days after entry of an order approving the sale, and must contain an acknowledgment that the sale is "as is, where is", without any representations and warranties of any kind.

Debtor may but is not required to select a stalking horse bidder ("Stalking Horse Bidder") for the Sale Assets for the purpose of establishing a minimum acceptable bid with which to begin bidding at the Auction of the Sale Assets. Debtors shall have until the beginning of the auction on September 9, 2010 to designate a Stalking Horse Bidder.

In the event that the Debtors enter into a purchase agreement for the sale of the Sale Assets with the Stalking Horse Bidder, as provided below, prior to the Bid Deadline, (1) the Seller shall provide a copy of said purchase agreement to other interested parties, and (2) the purchase price submitted by any Bidder with respect to the Sale Assets must be equal to or greater than the sum of (a) the purchase price set forth in such purchase agreement, (b) the bid protections required to be paid to the Stalking Horse Bidder, if any, such as a break-up fee, termination fee, expense reimbursement or similar type of payment, and (c) a minimum overbid amount of not less than 10% of the amount bid by the Stalking Horse Bidder. Furthermore, in the event a Stalking Horse Bidder is designated, the Bidder shall include in its Bid a duly executed copy of a purchase agreement for the Sale Assets as to which the Bid is submitted, substantially in the form agreed to by the Stalking Horse Bidder, and a marked version of the same agreement, showing any differences between the agreement signed by the Stalking Horse Bidder and that submitted by the Bidder.

The Bids should be submitted in electronic format to Alex Smith, Alliance Management, Inc., asmith@alliancemgmt.com, Market Square Center, 1400 16th Street, Suite 400, Denver, CO 80202, and to James Cullen, Alliance Management, Inc., jcullen@alliancemgmt.com Carlson Towers, Suite 110, 601 Carlson Parkway, Minneapolis, MN 55305, with a copy in electronic format to Robert J. Bothe, McGrath North Mullin & Kratz, PC LLO, rbothe@mcgrathnorth.com, First National Tower, Suite 3700, 1601 Dodge Street, Omaha, NE 68102 and to Patrick J. Straka, McGrath North Mullin & Kratz, PC LLO, pstraka@mcgrathnorth.com, First National Tower, Suite 3700, 1601 Dodge Street, Omaha, NE 68102. Potential Bidders may obtain copies of the Purchase Agreement with a Stalking Horse Bidder from Alex Smith and James Cullen of Alliance Management, Inc.

Seller, in its discretion and after consultation with counsel for Wells Fargo, the twenty (20) largest creditors, and the Creditors' Committee if appointed, will qualify potential bidders according to their financial wherewithal to consummate any purchase of the Transferred Assets.

<u>Deposit</u>. Each Bidder must provide with the Bid a deposit of ten percent (10%) of the Bid Price via cashier's check to be held in the Trust Account of Seller's Counsel pending consummation and completion of the auction. If that Bidder is unsuccessful, the cashier's check shall be returned to the Bidder, on the conditions stated herein.

<u>Auction</u>. If one or more Bids have been received prior to the Bid Deadline, then at 10:00 a.m. on September 9, 2010, or such other date as the Bankruptcy Court may determine, Seller shall conduct an auction of the Transferred Assets at the offices of McGrath North Mullin & Kratz, PC LLO First National Tower, Suite 3700, 1601 Dodge Street, Omaha, NE 68102 (the "Auction"). Each Bid submitted at the Auction must comply with the procedures set forth herein.

Each entity seeking to bid at the Auction must (i) have submitted a Bid as provided above prior to the Bid Deadline, and (ii) appear in person at the Auction or through a duly authorized representative physically present at the Auction.

If Seller receives one or more Bids prior to the Bid Deadline which satisfy the bid requirements, each qualified Bidder shall have the right (and opportunity) to continue to improve its

bid at the Auction. All such additional bids must exceed the then highest bid by no less than $100,000.00.

Seller, after consultation with Wells Fargo Bank and the Creditors' Committee, if appointed, will select the bid at the conclusion of the Auction that it believes to be the highest or best bid for the Transferred Assets ("Winning Bid"). Seller, after consultation with Wells Fargo and the Creditors' Committee, if appointed, reserves the right to select the best bid, even if not the highest bid. The determination of the Winning Bid shall be made at the conclusion of the Auction but shall remain, however, subject to Bankruptcy Court approval. The Winning Bidder must complete and sign all agreements or other documents with Seller evidencing and containing the terms and conditions upon which its Winning Bid was made before the Auction is concluded.

Sale Hearing. On September 10, 2010, or such other date and time as Seller may request, subject to Bankruptcy Court approval, the Bankruptcy Court shall hold a hearing to determine whether to approve the Winning Bid accepted by Seller as the highest or best bid at the Auction (the "Sale Hearing").

Failure of Winning Bidder to Consummate Sale. If for any reason a Winning Bidder fails to consummate a sale of the Transferred Assets, or any part thereof, the offeror of the second highest or best bid (subject to same reservations) for the Transferred Assets (as determined by Seller, after consultation with Wells Fargo Bank and the Creditors' Committee), will automatically be deemed to have submitted the highest and best bid, and Seller is authorized to effect the sale of the Transferred Assets, or any part thereof, to such offeror as soon as is commercially reasonable without further order of the Bankruptcy Court. If such failure to consummate the purchase is the result of a breach by the Winning Bidder, such bidder's deposit, if any, shall be forfeited to Seller.

After the Sale Hearing, if the Winning Bid has been selected and the sale of the Transferred Assets to the Winning Bidder has been approved by the Bankruptcy Court, deposits given by bidders who are not the Winning Bidder shall be returned in the manner provided above. In no event shall deposits given by bidders who are not the Winning Bidder be held more than 30 days from the date of the Sale Hearing.

Reservation of Rights. The Seller reserves the rights:

1. To reject any or all offers for any or no reason;
2. To negotiate with one or more prospective purchasers at any time to enter into a definitive "Stalking Horse Agreement" without prior notice to other prospective purchasers;
3. To extend any time periods hereunder for negotiations;
4. To sell some, all, or none of the assets at the Seller's sole and absolute discretion;
5. To terminate efforts or negotiations with any party or parties at any time for any or no reason;
6. To negotiate with a number of parties contemporaneously; and
7. To modify the proposed timelines in its sole and absolute discretion.