IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| In re: | ) | Case No. 10-82436 |
| | ) | |
| PROFESSIONAL VETERINARY PRODUCTS, LTD, A NEBRASKA CORPORATION, | ) ) ) ) | CHAPTER 11 |
| | ) | |
| Debtor, | ) ) | |
| In re: | ) ) | Case No. 10-82437 |
| EXACT LOGISTICS, LLC, | ) ) | CHAPTER 11 |
| Debtor, | ) ) ) | |
| In re: | ) ) | Case No. 10-82438 |
| PROCONN, LLC, | ) ) | CHAPTER 11 |
| Debtor, | ) ) | |

## APPLICATION TO EMPLOY AND RETAIN
## BGA MANAGEMENT, LLC, D/B/A ALLIANCE MANAGEMENT

COME NOW the above-captioned Debtors and Debtors in Possession (the "Debtors") and respectfully move this Court for an order authorizing the retention and employment of BGA Management, LLC, d/b/a Alliance Management, ("Alliance Management") pursuant to Section 327(a) of the Bankruptcy Code, as modified by Section 1107(b) of the Bankruptcy Code, and in support thereof state as follows:

### BACKGROUND

1. On August 20, 2010 (the "Petition Date"), Professional Veterinary Products, LTD ("PVP"), ProConn, LLC ("ProConn") and Exact Logistics, LLC ("Exact") (collectively referred to as the "Companies" or "Debtors") filed a Voluntary Petition for relief under Chapter 11 of

Title 11 of the United States Code (the "Bankruptcy Code"). Following the Petition Date, the Debtors intend to continue in the possession of their properties and the management of their businesses as Debtors in Possession pursuant to § 1107 and 1108 of the Bankruptcy Code in order to liquidate their existing assets in an orderly manner.

2. No trustee, examiner, or committee of creditors has been appointed in this case.

3. This Court has jurisdiction over this application pursuant to 28 U.S.C. § 157 and 1337. Venue of this case and the within application in this district is proper pursuant to U.S.C. § 1408 and 1409. The statutory predicates for the relief sought herein are Sections 327, 328, and 1107(b) of the Bankruptcy Code, as supplemented by Bankruptcy Rule 2014.

## RELIEF REQUESTED

4. By this application, and pursuant to § 327(a) of the Bankruptcy Code, as modified by § 1107(b) of the Bankruptcy Code, the Debtor seeks to employ Alliance Management as its financial advisor and sales agent for the purposes of the orderly liquidation of its assets through a negotiated sale or auction.

5. The Debtors initially retained Alliance Management on or about April 7, 2010 to assess their financial and operation condition and review their strategic options. Alliance was also asked to provide day-to-day financial advice after the Debtors' CFO resigned. Alliance was subsequently informed that the Debtors' board and management had determined that the company's business model was not viable. Alliance was then asked to prepare a report for presentation to the Debtors' lender, Wells Fargo, and to assist in seeking an extension of the Debtors' credit agreement in order to allow the Debtors' time to market their business for sale.

6. On August 11, 2010 the Debtors expanded the scope of Alliance Management's engagement, retaining Alliance Management as their financial advisor and sales agent in

connection with an orderly liquidation of their assets, subject to entry of an order approving the Alliance Management's retention. The Debtors have selected Alliance Management because it has substantial experience and knowledge in the sale of distressed businesses, as well as the liquidation of industrial property and equipment, and substantial contacts in the industry to maximize the purchase pool available for the Debtors' estate. As attested to by Alex G. Smith in his affidavit (the "Smith Affidavit"), Alliance Management has undertaken hundreds of turnarounds, divestitures, Article 9 sales, and reorganizations, and has liquidated hundreds of millions of dollars worth of assets, both in and outside of bankruptcy. Smith Affidavit ¶ 4.

7. Alliance Management has been asked to provide the Debtors with advice regarding the orderly liquidation of their assets, including the marketing, advertising and preparing for the sale of those assets, and other matters connected with the sale of the Debtors' assets.

8. The Debtors submit the retention of Alliance Management under the terms described herein is appropriate under §§ 327 and 328 of the Bankruptcy Code. Section 327(a) empowers the Trustee, with the Court's approval, to employ, among others, financial advisors such as Alliance Management "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the Trustee in carrying out the Trustee's duties of this title." 11 U.S.C. § 327(a). Section 101(14) of the Bankruptcy Code defines "disinterested person".

9. Section 1107(b) of the Bankruptcy Code provides that "a person is not disqualified for employment under § 327 of this Title by a debtor-in-possession solely because of such person's employment by or representation of the debtor before the commencement of the case." Alliance Management was employed in the months leading to this filing and has earned

and been paid $940,000.00 for its services prior to the Petition Date. Additionally, Alliance Management has received an additional retainer of $200,000 for future services. To the best of the Debtors' knowledge, Alliance Management does not have any connection with the Debtors, their creditors or any other party-in-interest, or their respective attorneys, except to the extent that it may be set forth in the Smith Affidavit. Accordingly, the Debtor believes that Alliance Management is "disinterested" and does not hold or represent an interest adverse to the Debtor's estate.

10. Section 328(a) of the Bankruptcy Code authorizes the employment of a professional person "on any reasonable terms and conditions of employment, including on a fixed or percentage basis."

11. Subject to this Court's approval in accordance with §§ 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Rules of this Court, and such other procedures as may be fixed by order of this Court, compensation will be payable to Alliance Management pursuant to the terms of the Engagement Letter, a true and correct copy of which is contained in Exhibit "A" hereto. The Engagement Letter provides that Alliance Management will be paid on an hourly basis and in the event of an asset sale, 1.5% of the consideration paid for the assets sold.

12. No previous application or other request for the relief sought herein has been brought before this or any other court.

**PROCEDURE**

13. Notice of this Application has been and will be provided to (a) the United States Trustee for the District of Nebraska, (b) the twenty (20) largest unsecured creditors (c) counsel

for Wells Fargo, and (d) all interested parties who receive notice via the CM/ECF system in this case. The Debtors submit this notice should be deemed sufficient for this Motion.

14. No previous application or other request for the relief sought herein has been brought before this or any other court.

**CONCLUSION**

WHEREFORE, the Debtor respectfully requests that this Court enter an Order authorizing the retention of Alliance Management., and granting such other and further relief as is just and proper.

DATED this 23rd of August, 2010.

**PROFESSIONAL VETERINARY PRODUCTS, LTD, A Nebraska Corporation; EXACT LOGISTICS, LLC, a Nebraska limited liability company; and PROCONN, LLC, a Nebraska limited liability company, Debtors,**

By: /s/ *Robert J. Bothe*
Robert J. Bothe, #15018
James J. Niemeier, #18838
Michael T. Eversden, #21941
Robert P. Diederich, #23393
McGrath North Mullin & Kratz, PC LLO
Suite 3700, First National Tower
1601 Dodge Street
Omaha, Nebraska 68102-1627
Telephone: 402-341-3070
Facsimile: (402) 341-0216

**ATTORNEYS FOR DEBTORS**

# CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2010, I caused filing of the foregoing with the Clerk of the Bankruptcy Court using the CM/ECF system, and further certify that on the same date I mailed by Federal Express Overnight delivery, this document to each of the parties listed below:

Wells Fargo, National Association
C/O Christopher J. Fisher
Laurence M. Frazen
Trevor A. Jenkins
Bryan Cave LLP
1200 Main Street, Suite 3500
Kansas City, MO 64105

Nebraska Department of Revenue
Attn: Bankruptcy Unit
301 Centennial Mall South
Lincoln, NE 68509-4818

Internal Revenue Service
Fresno, CA 93888-0002

United States Trustee's Office
111 South 18th Plaza
Suite 1148
Omaha, NE 68102

Agri Laboratories Ltd
20927 State Route K
St Joseph, MO 64505-3570

Bayer Healthcare LLC
12809 Shawnee Mission Pkwy
Shawnee KS 66216-1846

Bimeda Animal Health Inc
Attn: Marianne Anderson
One Tower Lane Suite 2250
Oakbrook Terrace, IL 60181

Boehringer Ingelheim
Vetmedica
2621 N Belt Highway
St. Joseph, MO 64506-2002

Idexx Distribution Corporation
One IDEXX Drive
Westbrook, ME 04092

Intervet, Inc. / Schering Plough
556 Morris Ave
Summit, NJ 07901-1330

Jorgensen Laboratories Inc
Attn: Cindy Alexander
1450 N Van Buren Ave
Loveland, CO 80538

Kendall/Covidien
15 Hampshire St
Mansfield, MA 02048

Central Life Sciences / Vet Product
Laboratories
1501 E. Woodfield Rd Suite 200W
Schaumburg, IL 60173

Lionel Reilly
20620 Corral Road
Elkhorn, NE 68022

Merial Limited
115 Trans Tech Drive
Athens, GA 30601

Norbrook Labs
9733 Loiret Blvd
Lenexa, KS 66219

Nutra-Blend LLC
3200 2nd Street
Neosho, MO 64850-7738

Ceva Animal Health, Inc.
465 Sovereign Ct.
St. Louis, MO 63011

Virbac Corp
3200 Meacham Boulevard
Fort Worth, TX 76137-4611

Neogen Corporation
Attn: Greg Hardin
25154 Network Place
Chicago, IL 60673

Novartis Animal Health US Inc
10401 Highway 6
Lincoln, NE 68517

Pfizer, Inc.
812 Springdale Drive
Exton, PA 19341

Top Rx Inc
2950 Brother Boulevard
Memphis, TN 38133-3968

West-Ward Pharmaceutical Corp
3030 Lyndon B Johnson Freeway
Dallas, TX 75234-7781

  /s/ *Robert J. Bothe*
Robert J. Bothe