IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| In re:<br><br>PROFESSIONAL VETERINARY<br>PRODUCTS, LTD, A NEBRASKA<br>CORPORATION,<br><br>            Debtor, | Case No. 10-82436<br><br>CHAPTER 11 |
| In re:<br><br>EXACT LOGISTICS, LLC,<br><br>Debtor, | Case No. 10-82438<br><br>CHAPTER 11 |
| In re:<br><br>PROCONN, LLC,<br><br>Debtor, | Case No. 10-82437<br><br>CHAPTER 11 |

**MOTION UNDER SECTIONS 105(a), 363 AND 365 OF THE
BANKRUPTCY CODE TO (i) APPROVE THE SALE OF CERTAIN OF THE DEBTORS'
ASSETS, OUTSIDE THE ORDINARY COURSE OF BUSINESS FREE AND CLEAR OF
LIENS AND INTERESTS; AND (ii) ASSUME AND ASSIGN UNEXPIRED LEASE**

ProConn, LLC ("ProConn") together with its parent Professional Veterinary Products, LTD, and its affiliate Exact Logistics, LLC, debtors and debtors in possession (collectively, the "Debtors"), by and through their undersigned counsel, hereby respectfully submit this motion (the "Motion") for an order pursuant to Sections 105(a), 363 and 365 of the Bankruptcy Code and Rules 2002, 6004 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving (i) the sale of certain of ProConn's assets more particularly described in the Exhibit "A" Bill of Sales (collectively the "Bill of Sale") free and clear of all liens, claims and

interests to MicroBeef Products, Ltd. (the "Buyer"); and (ii) entry into that certain Assignment and Assumption of Lease agreement in the form of Exhibit "B" hereto (the "Assignment") with the Debtors to transfer to the Buyer that certain unexpired vehicle lease (the "Lease").

In support of this Motion, Debtors provide the following:

## BACKGROUND

1. On August 20, 2010 (the "Petition Date"), the Debtors filed with this Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession in accordance with Sections 1107 and 1108 of the Bankruptcy Code.

2. No trustee or examiner has been appointed. An official committee of unsecured creditors has been appointed in these proceedings, and is being provided notice of this Motion.

3. Debtor ProConn, is organized and operated as a wholesale distributor of animal health products to veterinarians and their related businesses (the "Business"). ProConn operates the Business in conjunction with the other debtor subsidiaries.

4. ProConn's business model consists of the employment of sales representatives who travel through the United States, but predominantly in the southwest in specialized delivery trucks, distributing veterinary supplies to its customers.

5. On or about August 17, 2010, ProConn sold with the consent of its lender, Wells Fargo, N.A. ("Lender") the majority of its delivery trucks with their inventory contents to the Buyer in an arms length transaction (the "Initial ProConn Sale"). The assets covered under the Bill of Sale (the "ProConn Assets") were not sold at that time, although the Buyer maintained an option granted in the Initial ProConn Sale to assume the Lease.

6. Since the closing of that transaction, one additional sales representative asked to be allowed to transfer to the Buyer, and the Buyer is willing to purchase the ProConn Assets and

assume the Lease which is connected with this sales representative under the exact same terms as the Initial ProConn Sale. The price for the ProConn Assets reflects the same net book price after rebates as under the Initial ProConn Sale and the proposed sale and assumption provides the Debtors with the ability to recoup their costs of the ProConn Assets and as well as reduce their liabilities by divestiture of the Lease.

**Factors leading to Sale and Need for an Immediate Sale**

7. The Debtors believe that it is in the estates' best interest to sell the ProConn Assets, and to assign the Lease to the Buyer pursuant to the terms of the Agreement. The sale will provide the best economic opportunity: (a) to realize the value of the ProConn Assets, and (b) to afford employment opportunities for Debtors' existing employees and continued commerce with many of the Debtors' vendors.

8. Debtors and Buyers have negotiated the terms of the Bill of Sale and Assignment at arms length and in good faith, and in their business judgment believe the sale and assumption and assignment of the Lease provides the best option for sale of these assets.

9. Debtors believe this transaction is the most efficient method of capturing the value of this inventory and eliminating its liability pursuant to the Lease.

## JURISDICTION

10. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this district is proper pursuant to 28 U.S.C. §§1408 and 1409. The statutory predicates for the relief sought herein are Sections 105(a), 363 and 365 of the Bankruptcy Code and Rules 2002, 6004 and 9006 of the Federal Rules of Bankruptcy Procedure.

## RELIEF REQUESTED

11. As described herein, the Debtors propose to sell the ProConn Assets in the manner described in the Bill of Sale and to assume and assign the Lease pursuant to the

Assignment. The terms of the Bill of Sale and Assignment were negotiated at arm's length and in good faith, will allow the Debtors to realize the highest value for the ProConn Assets, will remove the liability under the Lease and will maximize value to the Debtors' estates. Consequently, the Debtors request the Court approve the Sale of the ProConn Assets and the assumption and assignment by Debtors of the Lease to the Buyer.

12. Time is of the essence in approving and closing the Sale. The ProConn Assets include perishable pharmaceutical products which are subject to deterioration over time and will eventually be unable to be sold. Any unnecessary delay in closing the Sale could result in diminishing the sale price, loss of the inventory and the collapse of the Sale. Accordingly, the Debtor requests that this Court waive the ten day period staying any order to sell property of the estate imposed by Bankruptcy Rule 6004(g) and 6006(d).

## APPLICABLE AUTHORITY TO APPROVE SALE

13. Bankruptcy Code Section 363(b)(1) provides that the "trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." The decision to enter into an agreement out of the ordinary course of a debtor's business is to be based on the reasonable business judgment of the debtor. *In re Continental Air Lines, Inc.*, 780 F.2d 1223, 1226 (5th Cir. 1986); *In re Lionel Corp.*, 722 F.2d 1063, 1070 (2d Cir. 1983). The court should approve a use, sale or lease of property under Bankruptcy Code Section 363(b) if the debtor has established some articulated business justification for the proposed transaction. *In re Walter*, 83 B.R. 14, 16 (9th Cir. BAP 1988); *In re Wilde Horse Enterprises, Inc.*, 136 B.R. 830 (Bankr. C.D. Cal. 1991).

14. Moreover, pursuant to Section 363(f) of the Bankruptcy Code, a debtor in possession may sell all or any part of its property free and clear of any and all liens, claims or interests in such property if (i) such a sale is permitted under applicable non-bankruptcy law; (ii)

4

the party asserting such a lien, claim or interest consents to such sale; (iii) the interest is a lien and the purchase price for the property is greater than the aggregate amount of all liens on the property; (iv) the interest is the subject of a bona fide dispute; or (v) the party asserting the lien, claim or interest could be compelled, in a legal or equitable proceeding, to accept money satisfaction for such interest. *See* 11 U.S.C. § 363(f); *In re Elliot*, 94 B.R. 343, 345 (E.D. Pa. 1988) (section 363(f) written in disjunctive; court may approve sale "free and clear" provided at least one of the subsections is met).

15. A bankruptcy debtor's decision to assume or reject an executory contract or unexpired lease also is governed by the "business judgment" test. *See In re Chi-Feng Huang*, 23 B. R. 798, 800 (9th Cir. BAP 1982). *See also Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985); *In re Pesce Baking Co., Inc.*, 43 Bankr. Rep. 949, 956 (Banta. N.D. Ohio 1984). Under the business judgment test, a court should approve a debtor's proposed assumption or rejection if it will benefit the estate. Id. A debtor's decision to assume or reject an executory contract should be accepted unless evidence is presented that the decision was "clearly erroneous, too speculative, or contrary to the provisions of the Bankruptcy Code." *Richmond Leasing*, 762 F.2d at 1309.

16. The Debtors' decision to sell the ProConn Assets is based upon the reasonable exercise of the Debtors' sound business judgment. Prior to negotiating the terms of the Initial ProConn Sale, the Debtors vigorously marketed the ProConn Assets. The Initial ProConn Sale represented the highest offer made for the ProConn Assets. Based upon these facts, the Debtors respectfully submit that the decision to enter into the Bill of Sale to sell the ProConn Assets is a reasonable exercise of the Debtors' business judgment.

17. Approving the sale of the ProConn Assets free and clear of all liens, encumbrances, claims and interests is warranted because: (i) the ProConn Assets sought to be

sold are subject only to the lien of Wells Fargo Bank, N.A. ("Wells Fargo"), and Wells Fargo has approved this transaction; (ii) the purchase price will exceed all other liens, claims and interests that could be asserted against the assets being sold; and (iii) any other holders of liens, claims or interests in the assets could be compelled to accept a money judgment for their interest in the assets. See 11 U.S.C. § 363(f). As a result, approval of the sale free and clear of all liens, encumbrances, claims and interests is in the best interests of the estates and creditors.

18. The Debtors' decision to assume and assign the Lease, stems from the sound exercise of the Debtor's best business judgment as they are necessary to maximize the value of the ProConn Assets to the Buyer and therefore to the estate. As a result, it is in the best interests of the estates and creditors and the decision to assign and assume the Lease is also the result of the proper exercise of Debtors sound business judgment.

19. The liens and security interests of any creditor holding a lien on the ProConn Assets sold under the Bill of Sale shall either be satisfied at closing or attach to the proceeds in the same extent, validity and priority as existed in and to the sale of the ProConn Assets. Wells Fargo's liens shall attach to the proceeds in accordance with its rights under the Stipulation For Secured Borrowing And Adequate Protection filed herein.

20. This Motion is being filed under exigent circumstances, and upon the threat of immediate and irreparable harm to the Debtors' estates if the sale is lost. Therefore, Debtors respectfully request that the hearing for approval of the Motion be set on ten (10) days notice, or as soon thereafter as the Court's schedule permits to approve and confirm the sale and assumption and assignment of the ProConn Lease.

## **CONCLUSION**

21. Based upon the authorities and facts detailed above, the Debtors submit that the Court should approve the terms of the Sale pursuant to Bill of Sale and Assignment and

authorize the Debtors to sell the ProConn Assets free and clear of all liens, encumbrances, claims and interests and approve the assumption and assignment of the Lease to Buyer. Such relief is warranted because the Debtors have shown that these transactions are in the best interests of the Debtors, their estates and creditors, and because the decision to enter into the Bill of Sale and Assignment was reached in the exercise of the Debtors' sound business judgment, after careful deliberation of its consequences and possible alternatives.

WHEREFORE, the Debtors respectfully request that the Court enter an Order: (i) approving the sale of the ProConn Assets pursuant to the Bill of Sale; (ii) authorize the sale of the ProConn Assets free and clear of all liens, encumbrances, claims and interests as provided for in the Bill of Sale; (iii) approve the assumption and assignment of the Lease pursuant to the Assignment; (iv) find that the sale be effective immediately and that the stay provision of the Federal Rules of Bankruptcy 6004(g) and 6006(d) should be waived; and (v) provide such other relief as is just and proper.

DATED this 30th day of August, 2010.

Respectfully submitted,

**PROFESSIONAL VETERINARY PRODUCTS, LTD, A Nebraska Corporation, et al**, Debtors

By: */s/ Robert J. Bothe*_____
 Robert J. Bothe, #15018
 James J. Niemeier, #18838
 Michael T. Eversden, #21941
 Robert P. Diederich, #23393
 McGrath North Mullin & Kratz, PC LLO
 Suite 3700, First National Tower
 1601 Dodge Street
 Omaha, Nebraska 68102-1627
 Telephone: 402-341-3070
 Facsimile: (402) 341-0216

 **ATTORNEYS FOR DEBTORS**

# CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2010, I caused filing of the foregoing with the Clerk of the Bankruptcy Court using the CM/ECF system, and further certify that on the same date I mailed via regular U.S. mail, postage prepaid and emailed the same to those parties who have an email address listed:

Internal Revenue Service
Fresno, CA 93888-0102

Nebraska Department of Revenue
Attn: Bankruptcy Unit
301 Centennial Mall South
Lincoln, NE 68509-4818

Agri Laboratories Ltd
Attn: Helen Taylor, CPA, Chief Financial Officer
20927 State Route K
P.O. Box 3103
St Joseph, MO 64503
htaylor@agrilabs.com

United States Trustee's Office
111 South 18th Plaza
Suite 1148
Omaha, NE 68102

Bimeda Animal Health Inc
Attn: Marianne Anderson
One Tower Lane Suite 2250
Oakbrook Terrace, IL 60181

Bayer Corporation
Attn: Deborah Blevins, Director AHC Credit Services
12707 Shawnee Mission Pkwy
P.O. Box 390
Shawnee Mission, KS 66216-1846
Deborah.blevins.b@bayer.com

Jorgensen Laboratories Inc
Attn: Cindy Alexander
1450 N Van Buren Ave
Loveland, CO 80538

Boehringer Ingelheim Vetmedica
Attn; Stephanie Sulzen
2621 N Belt Highway
St. Joseph, MO 64506-4902
Stephanie.Sulzen@boehringer-ingelheim.com

Central Life Sciences / Vet Product Laboratories
1501 E. Woodfield Rd Suite 200W
Schaumburg, IL 60173

Intervet/SP Animal Health
Attn: Michael J. Marino
1011 Morris Ave
Union, NJ 07083
Michael.marino@spcorp.com

Merial Limited
115 Trans Tech Drive
Athens, GA 30601

Norbrook Labs
9733 Loiret Blvd
Lenexa, KS 66219

Nutra-Blend LLC
3200 2nd Street
Neosho, MO 64850-7738

Ceva Animal Health, Inc.
465 Sovereign Ct.
St. Louis, MO 63011

Virbac Corp
3200 Meacham Boulevard
Fort Worth, TX 76137-4611

Top Rx Inc
2950 Brother Boulevard
Memphis, TN 38133-3968

Kendall/Covidien
15 Hampshire St
Mansfield, MA 02048

Neogen Corporation
Attn: Greg Hardin
25154 Network Place
Chicago, IL 60673

Novartis Animal Health US Inc
Attn: Nancy White, Credit Manager
3200 Northline Avenue, Suite 300
Greensboro, NC 27408
Nancy-1.white@novartis.com

Pfizer, Inc.
Attn: Michael Gipson, Director, Financial Services
Global Financial Solutions
6730 Lenox Center Ct.
Memphis, TN 38115
Michael.Gipson@pfizer.com

West-Ward Pharmaceutical Corp
Attn: Adam Dratczuk
401 Industrial Way West
Eatontown, NJ 07724

Wells Fargo Bank, NA
Attn: Becky Koehler MAC N9312-040
109 South 7th Street, 4th Floor
Minneapolis, MN 55402

  /s/ *Robert J. Bothe*_____
Robert J. Bothe