IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| In re:<br><br>PROFESSIONAL VETERINARY PRODUCTS, LTD, a Nebraska Corporation, et al.<br><br>Debtors.[1] | Chapter 11<br><br>CASE NO. 10-82436<br><br>(Jointly Administered) |

**ORDER UNDER 11 U.S.C. §§ 105, 363 AND 365 CONFIRMING AND APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' INVENTORY TO IVESCO HOLDINGS, LLC, FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES AND GRANTING RELATED RELIEF**

This matter is before the Court upon the motion of the Debtors dated August 20, 2010 (the "Confirmation Motion"), to confirm the sale ("Sale") of substantially all of the inventory of Debtor Professional Veterinary Products, Ltd. (the "Sale Assets"), as more fully described in the Asset Purchase Agreement attached hereto as Exhibit "A" (the "Agreement") to IVESCO Holdings, LLC, (the "Buyer") free and clear of all mortgages, liens, pledges, charges, security interests, interests under conditional sale, capital lease or title retention agreement, encumbrances, options, right of first refusal, judgments, claims, demands, successor liability, defects or other adverse claims, interests, or liabilities of any kind or nature (whether known or unknown, accrued, absolute, contingent or otherwise) in, on or arising from the Sale Assets, but not any easements, zoning restrictions, covenants of record and other non-monetary property interests created by any applicable substantive State law (collectively, "Interests"). Also before the Court are the objections to the Motion filed by Direct Vet Marketing, Inc., and Bayer Healthcare, LLC.

---

[1] The Debtors in these Chapter 11 cases, are: Professional Veterinary Products, LTD, a Nebraska corporation, Exact Logistics, LLC, a Nebraska limited liability company and ProConn, LLC, a Nebraska limited liability company. The corporate headquarters address for all the Debtors is 10077 South 134th Street, Omaha, NE 68138.

The Court has examined the Confirmation Motion and all objections thereto, and has been fully advised of the relevant facts and circumstances surrounding the Confirmation Motion. Sufficient notice of the Confirmation Motion, the Sale, the Agreement (as such term is defined below), the Auction, and all other matters set forth herein and in the Confirmation Motion, has been given in accordance with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and Local Bankruptcy Rules:

THE COURT HEREBY FINDS[2] THAT:

A. The Court has jurisdiction over the Confirmation Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of the Bankruptcy Case and the Motions in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B. The statutory predicates for the relief sought in the Confirmation Motion are 11 U.S.C. §§ 105, 363 and 365, Fed. R. Bank. P. 6004, 6006, and Local R. Bank. P. 6004-1.

C. Proper, timely, adequate and sufficient notice of the Confirmation Motion, the Auction, the Sale Hearing, the Sale, and the Agreement has been provided, and such notice was good, sufficient, and appropriate under the particular circumstances, and no other or further notice of the Confirmation Motion, the Sale Hearing, the Auction, this Order, or the Sale is or shall be required.

D. No Chapter 11 Trustee has been appointed in these bankruptcy cases and Debtors stand in the place of the Trustee, remain in possession of their assets and continue to operate pursuant to 11 U.S.C. §§ 1107 and 1108.

---

[2] When appropriate, findings of fact shall be construed as conclusions of law, and conclusions of law as findings of fact. *See* Fed. R. Bankr. P. 7052.

E. On August 26, 2010 this Court entered an order ("Bidding Procedures Order") approving and authorizing, among other things, an auction of the Sale Assets, and the procedures governing the Auction ("Bidding Procedures"). The Bidding Procedures Order is final and non-appealable.

F. Pursuant to the Bidding Procedures Order, the Court also authorized the sale of the Debtors' assets free and clear of liens, interests, and encumbrances.

G. The Debtors (i) have full power and authority to execute the Agreement and all other documents or transactions contemplated under the Agreement and/or this Order with Buyer; (ii) have all the power and authority necessary to consummate the Sale and the Agreement; and (iii) no further actions are required for Debtors to consummate such Sale and Agreement.

H. The Debtors have demonstrated (i) good, sufficient, and sound business purpose and justification; and (ii) compelling circumstances for the Sale pursuant to 11 U.S.C. § 363(b) and 365 prior to, and outside of, a plan of reorganization.

I. All interested persons and entities have been afforded a reasonable opportunity to object or be heard with respect to the Confirmation Motion and the relief requested therein, including:

    i. All entities known to have asserted any lien, claim, interest, or encumbrance in or upon the Sale Assets;

    ii. All federal, state, and local regulatory or taxing authorities that have a reasonably known interest in any of the Sale Assets or the relief requested by the Motion;

    iii. The United States Trustee's office;

    iv. The Internal Revenue Service; and

    v. All entities on the creditor matrix in the bankruptcy cases.

J. At the Auction, the Buyer submitted the highest and best offer for the Sale Assets.

K. The transfer of the Sale Assets to the Buyer will be a legal, valid, and effective transfer of the Sale Assets and will vest the Buyer with all right, title, and interest of Debtors to the Sale Assets free and clear of all Interests, including but not limited to any that:

    i. Purport to give to any party a right or option to effect any forfeiture, modification, right of first refusal, or termination of the Debtors' or the Buyers' interest in the Sale Assets, or any similar rights;

    ii. Give rise to successor liability; and

    iii. Relate to taxes or any other liabilities arising under or out of, in connection with, or in any way relating to, the Sale Assets, the Debtors, or their operations or activities prior to the Closing Date.

L. Approval of the Sale and consummation of the Agreement at this time are in the best interests of the Debtors, its creditors, its estate, and all other parties in interest in this case.

M. The Buyer would not consummate the Sale, thus adversely affecting the Debtors, their estate, and the creditors thereof, if the sale of the Sale Assets to the Buyer were not free and clear of all Interests, or if the Buyer would or in the future could be liable for any such Interests.

N. The Bidding Procedures and the Auction conducted pursuant thereto were non-collusive and were substantially and procedurally fair to all parties. The Auction conducted by the Debtors, including the methodology for determination of the highest and best offer, was conducted in a manner reasonably calculated to achieve the highest and best offer for the Assets.

O. The Agreement was reached without collusion, in good faith, and from an arm's length bargaining process. The Buyer is a good faith purchaser under 11 U.S.C. § 363(m) and, as such, is entitled to all of the protections afforded thereby. The Buyer will be acting in

good faith within the meaning of 11 U.S.C. §363(m) in closing the Agreement and at all times after the entry of this Order. Neither Debtors nor the Buyer have engaged in any conduct that would cause or permit the Sale to be avoided under 11 U.S.C. §363(n).

P. The consideration provided by the Buyer for the Sale Assets based on the Agreement: (i) is fair and reasonable; (ii) is the highest and best offer for the Sale Assets; (iii) will provide a greater recovery for Debtors' creditors than would be provided by any other practical and available alternative; and (iv) constitute reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, protectorate thereof.

Q. Except as provided herein, Debtors may sell the Sale Assets free and clear of all Interests because one or more of the standards set forth in 11 U.S.C. § 363(f) has been satisfied. Those holders of liens, claims, encumbrances, or other Interests who did not object, or who withdrew their objections, to the Sale or the Confirmation Motion are deemed to have consented pursuant to 11 U.S.C. § 363 (f)(2). All such holders of liens, claims, encumbrances, or other Interests could be forced, in a legal or equitable proceeding, to accept money satisfaction of such interest within the meaning of 11 U.S.C. § 363(f)(5), and those holders of liens, claims, and encumbrances are adequately protected by having their interests, if any, attach to the cash proceeds of the Sale ultimately attributable to the property against or in which they claim, an interest.

THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that:

1. The Confirmation Motion is granted, as described herein. All objections to the Confirmation Motion or the relief requested therein that have not been withdrawn, waived,

overruled, or settled, and all reservations of rights included therein, are hereby overruled on the merits.

**Authorization to Perform Under the Agreement**

2. The Sale of the Sale Assets to the Buyer pursuant to the Agreement is hereby authorized under §§ 363 and 365 of the Bankruptcy Code. Debtors are authorized to negotiate, document, execute, and deliver the Agreement and all additional instruments and documents that may be reasonably necessary, appropriate, or desirable to implement the Agreement.

3. Debtors, through any corporate officer or authorized representative, are authorized and empowered to perform their obligations under the Agreement and to take all actions necessary, appropriate, or desirable to consummate and implement the Agreement. Without limiting the generality of the foregoing, Debtors are authorized and empowered to take all further actions as may be requested by the Buyer for the purpose of assigning, transferring, granting, conveying and conferring to Buyer or reducing to possession, the Sale Assets, or as may be necessary or appropriate to the performance of the obligations as contemplated by the Agreement.

4. The Agreement and other documents and instruments contemplated thereby and hereby shall be specifically performable and enforceable against, binding upon, and not subject to rejection or avoidance by, Debtors or any Chapter 11 or Chapter 7 trustee of Debtors and their estates.

5. The Debtors shall pay from the proceeds of the Sale all costs and expenses of the Sale and the Closing and all amounts which Debtors are required in the Agreement to pay at Closing, and thereafter immediately deliver the net proceeds of the Sale to Wells Fargo Bank pursuant to the Stipulation for Secured Borrowing and Adequate Protection, approved by the Court's August 26, 2010 Order Granting Debtors' Emergency Motion for an Interim Order Pursuant

to 11 U.S.C. §§105, 361, 362, 364(c), 364(d) and Fed. R. Bankr. P. 2002, 4001 and 9014 Authorizing Debtors to Enter Into and Perform the Stipulation for Secured Borrowing and Adequate Protection with Wells Fargo Bank, and any final order approving same, to the extent necessary to satisfy the Debtors' remaining obligations to Wells Fargo Bank.

6. If the Sale to Buyer contemplated by this Order shall not close due to the Debtors selling the Sale Assets to a purchaser other than Buyer, then, unless the sale to a purchaser other than Buyer results from Buyer's breach of the Agreement, Buyer shall be entitled to a breakup fee of $100,000.00.

**Transfer of the Sale Assets**

7. Pursuant to 11 U.S.C. § 363(f), the Sale Assets shall be transferred to the Buyer, and upon and subject to the Closing, shall be free and clear of all Interests, with all such Interests to attaching to the net proceeds of the Sale in the order of their priority, with the same validity, force and effect which they now have as against the Sale Assets, subject to any claims and defenses Debtors may possess with respect thereto, such that the Buyer shall not have any liability or obligation with respect to the Interests on and after the Closing Date.

8. Except as may otherwise specifically be provided by the Agreement or this Order, all persons and entities, including, but not limited to, all debt security holders, equity security holders, governmental, tax, and regulatory authorities, lenders, parties to any leases or contracts, and other creditors holding claims or other Interests of any kind or nature whatsoever against or in Debtors or the Sale Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), arising under or out of, in connection with, or

in any way relating to the Sale Assets, Debtors or their operations or activities prior to the Closing, or the transfer of the Sale Assets to the Buyer, are hereby forever barred and estopped from asserting against the Buyer, its successors or assigns, its property, or the Sale Assets, such person's or entity's claims or other Interests.

9. On and subject to the Closing, this Order shall be construed and shall constitute for any and all purposes a full and complete general assignment, conveyance, and transfer of Debtors' interests in the Sale Assets. Each and every federal, state, and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the Sale.

10. This Order: (i) shall be effective as a determination that, as of the Closing Date and subject to Closing, all Interests of any kind or nature whatsoever existing as to Debtors or the Sale Assets prior to the Closing have been unconditionally released, discharged, and terminated as against the Sale Assets, and that the conveyances described herein have been effected; and (ii) shall be binding upon and shall govern the acts of all entities including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Sale Assets. On the Closing and subject to the Interests attaching to the proceeds of the Sale as provided for in this Order, Debtors' creditors are all authorized and directed to execute such documents and take all other actions as may be reasonably necessary to

release their Interests in the Sale Assets, if any, as such Interests may have been recorded or may otherwise exist.

**Additional Provisions**

11. This Court retains jurisdiction to enforce and implement the terms and provisions of the Agreement, all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith in all respects, including, but not limited to, retaining jurisdiction:

   a. To compel delivery of the Sale Assets to the Buyer;
   b. To resolve any disputes arising under or related to the Agreement, except as otherwise provided therein;
   c. To interpret, implement, and enforce the provisions of this Order; and
   d. To protect the Buyer against any claims and Interests in or against Debtors or the Sale Assets, of any kind or nature whatsoever, attaching to the proceeds of the Sale.

12. Nothing contained in any plan of reorganization or liquidation proposed or confirmed in the Bankruptcy Case or any order of this Court confirming such plan shall conflict with or derogate from the provisions of the Agreement or the terms of this Order.

13. The transfer of the Sale Assets to the Buyer pursuant to the Agreement shall not subject the Buyer to any liability with respect to the Sale Assets, Debtors or their operations or activities prior to the Closing or by reason of such transfer under the laws of the United States, any state, territory, or possession thereof, or the District of Columbia, based, in whole or in part, directly or indirectly, on any theory of law or equity, including, without limitation, any theory of successor or transferee liability or any comparable theory. Except as may otherwise expressly set forth in this Order or the Agreement, the Buyer shall not constitute a successor of Debtors for any purpose. Without limiting the effect or scope of the foregoing, as a result of the closing of the Sale, the Buyer shall have no successor or vicarious liabilities of any kind or character, including, but not limited to,

any theory of antitrust, environmental, successor or transferee liability, labor law, de facto merger or substantial continuity, whether known or unknown as of the Closing Date, now existing or hereafter arising, whether asserted or unasserted, fixed or contingent, liquidated or unliquidated with respect to Debtors or any obligations of Debtors arising prior to the Closing, including, but not limited to, liabilities on account of any taxes arising, accruing or payable under, out of, in connection with, or in any way relating to the operation of the Sale Assets prior to the Closing.

14. The Sale is being consummated by the Buyer in good faith, as that term is used in 11 U.S.C. § 363(m) and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale to the Buyer, unless such authorization is duly stayed pending such appeal. In the absence of a stay pending appeal, if the Buyer elects to close under the Agreement at any time after entry of this Order, then, with respect to the Sale, the Buyer is a purchaser in good faith of the Sale Assets, and is entitled to all of the protections of 11 U.S.C. § 363(m) if this Order or any authorization contained herein is reversed or modified on appeal.

15. The terms and provisions of the Agreement and this Order shall be binding in all respects upon, and shall inure to the benefit of, Debtors, their estates, the creditors thereof, the Buyer and its respective affiliates, successors and assigns, and any affected third parties including, but not limited to, all persons asserting claims against or Interests in the Sale Assets to be sold to the Buyer pursuant to the Agreement or against Debtors or their estate, notwithstanding any subsequent appointment of any trustee(s) under any chapter of the Bankruptcy Code in the Bankruptcy Case, as to which trustee(s) such terms and provisions likewise shall be binding.

16. All entities that are presently, or on the Closing Date may be, in possession of some or all of the Sale Assets in which Debtors hold an interest hereby are directed to surrender

possession of the Sale Assets either to: (i) Debtors before the Closing Date; or (ii) to the Buyer on the Closing Date.

17. The failure specifically to include any particular provisions of the Agreement in this Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that Debtors be authorized to perform under the Agreement in its entirety.

18. The Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto, in a writing signed by both parties, and in accordance with the terms thereof, without further order of the Court.

19. Except as otherwise may be set forth in the Agreement, the Sale of the Sale Assets is as is, where is, and with no warranties or representations of whatsoever kind or matter other than Debtors' representation and warranty of good and marketable title.

20. This Order shall be effective and enforceable immediately upon entry. The stay otherwise imposed by Fed. R. Bankr. P. 6004(g) is waived. Time is of the essence in closing the Sale and Agreement, and Debtors and the Buyer intend to close the Sale and Agreement as soon as possible. Therefore, any party objecting to this Order must exercise due diligence in filing an appeal and pursuing a stay or risk its appeal being foreclosed as moot.

21. From time to time, as and when requested by any party, each party to the Agreement shall execute and deliver, or cause to be executed and delivered, all such documents and instruments and shall take, or cause to be taken, all such further or other actions as any other party thereto may reasonably deem necessary or desirable to consummate the Sale, including such actions as may be necessary to vest, perfect or confirm, of record or otherwise, in the Buyer its right, title and interest in and to the Sale Assets, including all other rights in any licenses, permits, or intellectual property-related assets.

22. The provisions of this Order are not severable and are mutually dependent.

SO ORDERED THIS 14th day of September, 2010:

                                        BY THE COURT:

                                        /s/ Timothy J. Mahoney
                                        UNITED STATES BANKRUPTCY JUDGE

Movant responsible for giving notice to parties in interest as required by rule or statute.

**EXHIBIT A**