Radix Labs ("Seller"), with a principal address of 1334 Internation Drive Eau Claire, WI 54701 for good valuable consideration in the sum of _____ (the "Purchase Price"), does hereby absolutely and unconditionally sell, convey and transfer to Archon Bay Capital LLC ("Buyer") all of Seller's right, title, benefit and interest in and to any and all of Seller's claim or claims for any right to payment (the "Claim") against Professional Veterinary Products Ltd. ("Debtor") in bankruptcy proceedings in the United States Bankruptcy Court for the District of Nebraska (the "Court"), Case No. 10-82436 (the "Case"); and includes any Proof of Claim, along with voting and any other rights and benefits which may now exist, or come into existence in regards to the Claim, all cash, securities, instruments and other property, to be paid or issued by Debtor or any other party, directly or indirectly, in connection with or satisfaction of the Claim, including without limitation "cure" amounts related t the assumption of an executor contract and any rights to receive all payments in respect thereof, and all rights to receive interest, penalties, fees, and any damages from any cause of action, litigation or rights of any nature against Debtor, its affiliates, any guarantor or other third party, which may be paid or issued with respect to and/or in satisfaction of the Claim (the "Recovery"). This Claims Purchase Agreement (the "Agreement") shall be deemed an unconditional purchase of the Claim for purpose of collection and shall not be deemed to create a security interest. Seller represents the Claim is in an amount of not less than $731.94 (the "Claim Amount"). The parties agree that if the Proof of Claim amount is less than the Claim Amount, the Purchase Price shall be reduced such that Seller shall be paid the pro rata share of the Purchase Price based on the lower Proof of Claim amount. The signature of the Seller on this document is evidence of the transfer of the Claim(s) and all rights associated with the Claim. Seller hereby waives notice as described by Bankruptcy Rule 3001(e).

Seller represents that they hereby assign and transfer any and all claims and all rights there under to Buyer upon terms as set forth in the offer letter received. Seller represents, warrants and covenants that (a) Seller owns and has sole title to the Claim free and clear of any and all liens, security interest or encumbrances of any kind or nature whatsoever, including without limitation pursuant to any factoring agreement, and upon the sale of the Claim to Buyer, Buyer will receive good title to the Claim; (b) the Claim has not been previously sold, assigned, transferred or pledged the Claim, in whole or in part, to any third party; (c) the basis of the Claim is amounts validly due from and owing by the Debtor; (d) the Claim is a valid, undisputed, liquidated, enforceable, and non-contingent claim against the Debtor for which the Debtor has no defenses and is free from any objections filed or threatened; (e) Seller has not engaged in any acts, conduct or omissions that might result in the Buyer receiving, in respect of the Claim, proportionately less payments or distributions or any less favorable treatment than other similarly situated creditors; (f) Debtor, or any other third party, has no basis to assert the Claim is subject to any defense, claim of right of setoff, impairment, disallowance, reduction, subordination or avoidance, including preference actions, whether on contractual, legal or equitable grounds; (g) Seller is not "insolvent" within the meaning of the applicable versions of the Uniform Commercial Code or within the meaning of the Bankruptcy Code; (h) Seller is not an "insider" of the Debtor, as set forth in the Bankruptcy Code, or a member of any official or unofficial committee in connection with the Case. Seller agrees to deliver to Buyer any payments received subsequent to the date of this Agreement.

If all or any part of the Claim or Claim Amount is (a) avoided, disallowed, subordinated, reduced, or otherwise impaired, for any reason whatsoever, including without limitation a breach of any of the terms or conditions of this Agreement; or (b) the Claim is subsequently scheduled by the Debtor or is amended such that all or any portion of the Claim is listed on the Debtor's amended schedule of liabilities as unliquidated, contingent or disputed or in a lesser amount than the Claim Amount (each (a) and (b) a "Disallowance"), then Seller shall make immediate Restitution and repayment of the proportional Purchase Price equal to the ratio of the amount of the Disallowance divided by the Claim amount multiplied by the Purchase Price ("Restitution"), no later than 30 days after receiving notice of such Disallowance. Such Restitution shall be made together with interest, calculated at the rate of six percent (6%) per annum, from the date of Seller's execution of this Agreement until the date that such Restitution is received by Buyer. Seller agrees to indemnify Buyer from all losses, damages and liabilities (including, but not limited to, attorney's fees and expenses), which result from the breach of any representation, warranty or covenant by Seller as set forth herein. For clarity purposes, this paragraph pertains only to the validity of the Claim and not the Recovery.

The parties agree that this Agreement shall be governed by and construed in accordance with the laws of the State of New York, notwithstanding any contrary choice of law that would otherwise apply under the choice of law principles of that or any other jurisdiction. Any action arising under or relating to this Agreement must be brought in the State or Federal court located in either New York County in the State of New York or in Horry County in the State of South Carolina at the election of and in the sole discretion of Buyer. Seller consents to and confers personal jurisdiction over Seller by any such court and agrees that Buyer may validly effect service of process upon Seller by mailing a copy of said process to Seller's address set forth herein. In any action hereunder, Seller waives the right to demand a trial by jury.

This Agreement (i) may not be modified, waived, changed or discharged, in whole or in part, except by an agreement in writing signed by the parties; (ii) constitutes the entire agreement and understanding between the parties hereto with respect to the subject matter hereof and (iii) supersedes all prior agreements, understandings and representations pertaining to the subject matter hereof, whether oral or written. Seller hereby acknowledges that Buyer may at any time resell the Claim, or any portion thereof, together with all rights title and interest received by Seller in and to this agreement. This agreement shall be binding upon any prospective successor of Seller. In connection with any such transfer, the purchaser or assignee of Seller shall be bound by the terms and conditions of this agreement. All representations and warranties made herein shall survive the execution and delivery of this agreement and any transfer. This agreement may be signed in counterparts and by telecopy, or other form of electronic transmission, each of which shall be deemed an original and all of which taken together shall constitute the agreement.

Radix Labs _____ ("Seller")

Signature: P Girdhar

Print Name/Title: Premchand Girdhari - Owner

Date: 02-28-11

Telephone: 800-927-2349 / 715-833-0644

Fax: 715-833-1075

Email: kayla@radix-labs.com

Archon Bay Capital LLC _____ ("Buyer")

Signature: _____

Print Name/Title: _____

Date: 3/2/2011

Telephone: 803.810.0455 / 803.810.2455

Fax: _____

Email: _____